IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARITES DEGUZMAN,** | § § | |
| Plaintiff, | § § | **CIVIL ACTION** |
| | § | **NO. _____** |
| **V.** | § § | |
| **GEOVERA ADVANTAGE INSURANCE SERVICES, INC.[1],** | § § § | |
| | § | |
| Defendant. | § | |

## DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GeoVera Specialty Insurance Company ("GeoVera" or "Defendant") file this, its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1.  On April 1, 2019, Plaintiff Marites Deguzman filed an Original Petition, styled *Marites Deguzman v. GeoVera Advantage Insurance Services, Inc.*, Cause No. 2019-23175, in the 270th Judicial District Court in and for Harris County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to her property under an insurance policy issued by GeoVera.

2.  Plaintiff served GeoVera with a copy of the Original Petition on April 5, 2019. A copy of the return of service is on file.

---

[1] Misnomer. The name of the proper Defendant in the lawsuit is GeoVera Specialty Insurance Company ("GeoVera"). GeoVera has appeared in this lawsuit and plead a special exception to the misnomer.

**PAGE 1**

3. GeoVera answered and made an appearance in the lawsuit on April 29, 2019.

4. GeoVera files this notice of removal within 30 days of receiving Plaintiff's Citation and Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *Id.* All process, pleadings, and orders in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon Plaintiff.

5. As required by 28 U.S.C. § 1446(a), and Rule 81 of the Local Rules for the United States District Court of the Southern District of Texas, being filed simultaneously with the filing of this Notice of Removal:

**Exhibit A:** Index of Matters Being Filed

**Exhibit B:** Docket Sheet—Chronological Case History

**Exhibit C:** Plaintiff's Original Petition

**Exhibit D:** Executed Citation and Return

**Exhibit E:** GeoVera's Answer

**Exhibit F:** List of Parties and Counsel

## II. BASIS FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiff and Defendant GeoVera are diverse.**

7. Plaintiff, Marites Deguzman is an individual residing in Harris County, Texas;

8. Defendant, GeoVera Specialty Insurance Company is incorporated under the laws of the State of Delaware, with its principal place of business in Fairfield, California. GeoVera is therefore not a citizen of the State of Texas for diversity purposes.

9. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and GeoVera.

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11. This is a civil action in which Plaintiff monetary relief of over $100,000, but no more than $200,000.[2] Plaintiff alleges that defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and defendant wrongfully adjusted and underpaid Plaintiff's claim. *See Pl's Orig. Pet.*  Plaintiff seeks actual and trebled damages, mental anguish damages, exemplary and punitive damages, damages for emotion distress, court

---

[2] Pl's Orig. Pet., ¶ 4.

costs, expenses, pre- and post-judgment interest, and attorney's fees. *See Pl's Orig. Pet.,* ¶¶ 37-42 and Prayer.  This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

12. GeoVera received service of this lawsuit April 5, 2019.  Thus, GeoVera is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

13. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division embrace the county in which the state action has been pending, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15. Promptly after GeoVera files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

16. Promptly after GeoVera files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

### IV.   CONCLUSION

17. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant GeoVera Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
State Bar No. 24029862
So. Dist. No.: 17055
Adrienne H. Nelson
State Bar No.: 24069867
So. Dist. No.: 2276091

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: anelson@thompsoncoe.com

**COUNSEL FOR DEFENDANT
GEOVERA SPECIALTY INSURANCE
COMPANY**

# CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of May, a true and correct copy of the foregoing was delivered to the following counsel of record in accordance with the Rules of Civil Procedure:

*Via Electronic Filing:*
Daniel P. Barton
Wayne C. Collins
1201 Shepherd Dr.
Houston, TX 77007
Telephone: (713) 227- 4747
Facsimile: (713) 621-5900
Email: dbarton@bartonlaw.com
          wcollins@bartonlaw.com

*Counsel for Plaintiff*

*/s/ Adrienne H. Nelson*
Rhonda J. Thompson
Adrienne H. Nelson

**PAGE 5**

6911642v1
08917.413